IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KAYLA WOODS,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    CIVIL ACTION NO. 5:26-CV-4 (MTT)
                                      )
KUBERA REIT LLC,                      )
                                      )
            Defendant.                )
_____       )

## ORDER

On January 7, 2026, Plaintiff Kayla Woods, proceeding pro se, filed her complaint against Kubera Reit, LLC. ECF 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the following reasons, Woods' motion to proceed IFP (ECF 2) is **GRANTED**. But her complaint lacks important factual allegations that Woods may have omitted because of her pro se status. Thus, the Court **ORDERS** Woods to amend her complaint by **March 24, 2026**.

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

The Court has reviewed Woods' IFP affidavit. Her affidavit establishes that she cannot pay the court fees without undue hardship. ECF 2. Thus, Woods' motion to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Woods is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

This action arises from an alleged bedbug infestation at the Courtyard Marriot at 3990 Sheraton Drive in Macon, Georgia while Woods was a guest at the hotel. ECF 1. Woods asserts state law claims for battery, negligence and premises liability, intentional infliction of emotional distress, gross negligence, breach of contract and the covenant of quiet enjoyment, nuisance, and breach of the implied covenant of good faith and fair dealing against Kubera Reit, the alleged owner and operator of the hotel. *Id.* at 1, 5–9. While Woods provides some factual allegations in her complaint, many important allegations are lacking such that the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). For example, Woods provides little factual information showing intent to harm to support a cause of action for battery under Georgia law. *See* O.C.G.A. § 16-5-23.1(a). Likewise, Woods sets forth a series of conclusions alleging Kubera Reit "acted with the intent to cause, or with reckless disregard for the high probability of causing, severe emotional distress to Plaintiff" by, for example, "intentionally concealing the infestation," but she does not allege facts to demonstrate Kubera Reit knew about the infestation prior to her stay or otherwise concealed it. It is not clear whether these deficiencies are because of the manner in which the allegations have been pled, or whether they simply lack substance.

However, given Woods' pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Woods is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate authority for bringing her claims. Woods shall have until **March 24, 2026** to file her amended complaint.

In the "statement of claims" section of her amended complaint, Woods must link any claims she makes to a named defendant. If Woods fails to link a named defendant to a claim, the claim will be dismissed; if Woods makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action.

Woods must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Woods list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Woods injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Woods' original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).

Woods may not refer to, or incorporate by reference, her previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## C. Fed. R. Civ. P. 11 Obligations

The Court informs Woods of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Woods' representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

-7-

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Woods in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Woods' amended complaint, Woods shall include a signed statement fully disclosing the use of AI to assist in the preparation of and drafting of the pleading. The statement shall also certify that Woods has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Woods' motion to proceed IFP (ECF 2) is **GRANTED**, and Woods is **ORDERED** to amend her complaint no later than **March 24, 2026**.

**SO ORDERED**, this 3rd day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT